IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case No. 1:14-bk-04098-RNO |
| GRANDKOTT CORPORATION, | : | |
| Debtor | : | |
| | : | Chapter 7 |
| LAWRENCE G. FRANK, TRUSTEE IN | : | |
| BANKRUPTCY FOR GRANDKOTT | : | |
| CORPORATION, | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| METRO BANK, CITY OF | : | |
| HARRISBURG, TOULOUMES ESTATE, | : | |
| DAUPHIN COUNTY TAX CLAIM | : | |
| BUREAU, UNITED STATES OF | : | |
| AMERICA, DEPARTMENT OF | : | |
| TREASURY, INTERNAL REVENUE | : | |
| SERVICE, COMMONWEALTH OF | : | |
| PENNSYLVANIA, DEPARTMENT OF | : | |
| REVENUE, SOUND GARDEN, VCE | : | |
| ENTERPRISES, DALE THOMAS, | : | |
| RONALD CHAPEL, LEONARD | : | |
| LEMELLE, JENNIFER AND JULIUS | ; | |
| WISE, AND TIFFANY DIGGS, | : | |
| Respondents | : | |

## MOTION FOR SALE OF REAL AND PERSONAL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363(f) AND TO REJECT LEASES PURSUANT TO 11 U.S.C. §365(a)

TO THE HONORABLE ROBERT N. OPEL, II, BANKRUPTCY JUDGE:

COMES NOW, Lawrence G. Frank, Trustee in Bankruptcy in the above captioned proceeding and brings this Motion for sale of real and personal property free and clear of liens and encumbrances pursuant to 11 U.S.C. 363(f) and to reject leases pursuant to 11 U.S.C. 365(a), respectfully stating in support thereof:

1. Movant is Lawrence G. Frank, the duly appointed, qualified and acting Trustee in

Bankruptcy in the above captioned matter with his place of business at 100 Aspen Drive, Dillsburg, PA 17019.

2. Respondent Metro Bank has its place of business at 3801 Paxton Street, Harrisburg, PA 17111. It is represented in this proceeding by Marc A. Hess, Esquire, of Henry and Beaver, LLP, 937 Willow Street, P.O. Box 1140, Lebanon, PA 17042.

3. Respondent City of Harrisburg has its address at City Government Building, 10 North Second Street, Harrisburg, PA 17101.

4. Respondent Touloumes Estate is represented in this case by Steve C. Nicholas, Esquire, 2215 Forest Hills Drive, Suite 37, Harrisburg, PA 17112.

5. Respondent Dauphin County Tax Claim Bureau has its place of business at Dauphin County Administration Building, 2 South Second Street, Harrisburg, PA 17101.

6. Respondent United States of America, Department of Treasury, Internal Revenue Service, has its principal office at 1111 Constitution Avenue Northwest #5480, Washington D.C. It also has an office at 600 Arch Street, Philadelphia, PA 19106.

7. Respondent United States of America is represented in this proceeding by the United States Attorney for the Middle District of Pennsylvania, Peter J. Smith, P.O. Box 309, Scranton, PA 18501-0309.

8. Respondent Commonwealth of Pennsylvania, Department of Revenue, Bureau of Compliance, has its address at P.O. Box 280948, Harrisburg, PA 17128-0948.

9. Respondent Sound Garden has its address at P.O. Box 2028, Woodstock, GA 30188.

10. Respondent VCE Enterprises has its address at P.O. Box 83, Rockland, MA 02370.

11. Respondent Dale Thomas is an adult individual residing at Apartment 202, 714 North Third Street, Harrisburg, PA 17102.

12. Respondent Ronald Chapel is an adult individual residing at Apartment 203, 714 North Third Street, Harrisburg, PA 17102.

13. Respondent Leonard LeMelle is an adult individual residing at Apartment 301, 714 North Third Street, Harrisburg, PA 17102.

14. Respondents Jennifer and Julius Wise are adult individuals residing at Apartment 302, 714 North Third Street, Harrisburg, PA 17102.

15. Respondent Tiffany Diggs is an adult individual residing at Apartment 303, North Third Street, Harrisburg, PA 17102.

16. This Court has jurisdiction pursuant to 28 U.S.C. 157 and 28 U.S.C. 1334. It is a core proceeding. Venue is proper in this district.

17. This motion is brought pursuant to §363(f) of the Bankruptcy Code to sell real and personal property of the estate free and clear of liens and encumbrances and to reject leases pursuant to §365(a) of the Bankruptcy Code.

18. Respondents Metro Bank, City of Harrisburg and Touloumes Estate have mortgages against the real estate at 712-718 North Second Street in the City of Harrisburg.

19. Respondent Dauphin County Tax Claim Bureau has tax liens against the real estate at 712-718 North Second Street in the City of Harrisburg.

20. Respondent Commonwealth of Pennsylvania, Department of Revenue, has a lien for corporate net income tax in the amount of $0.92.

21. Respondent Metro Bank also has a UCC filing evidencing a security interest in all assets of the Debtor including Liquor License No. R 17619.

22. Respondent Sound Garden has a UCC filing, junior to Metro Bank, with a security interest in all assets of the Debtor.

23. Respondent VCE Enterprises has a UCC filing, also junior to Metro Bank, with a security interest in all assets of the Debtor.

24. Respondents Dale Thomas, Ronald Chapel, Leonard LeMelle, Jennifer and Julius Wise and Tiffany Diggs are tenants at the property at 714 North Third Street, Harrisburg, PA 17102.

25. The Debtor filed a voluntary Chapter 7 petition in this Court on September 5, 2014.

26. The Trustee was appointed on the same date.

27. The Debtor listed property of the estate on Schedules A and B, including the real estate at 714 North Third Street in the City of Harrisburg, a liquor license, being Liquor License No. R 17619, and personal property consisting of chairs, bar stools, tables, kitchen equipment, and apartment ranges and refrigerators.

28. The Trustee has engaged NAI/CIR to market the above property for the benefit of the estate and its creditors.

29. The Trustee has received several offers to purchase the real estate, the liquor license and personal property as set forth above.

30. The highest and best offer received to date is that of Kunj, Inc., or assignees, in the amount of $300,000.00. A copy of that agreement is attached hereto, made apart hereof and marked Exhibit "A".

31. The agreement is conditioned upon this Court approving same as well as the voiding of all current leases.

32. The sale of the real and personal property and the liquor license is being made to the

purchaser in an "arm's length" transaction, and the purchaser and Trustee are acting in good faith, and as such, the purchaser is seeking authority for the benefits and protections of §363(m) of the Bankruptcy Code.

33. The Trustee has analyzed the transaction and concluded that there will be no tax consequences to the estate on account of this transaction, given the basis for the real estate, personal property and liquor license.

34. This motion to sell the real estate, personal property and liquor license has been filed by the Trustee because the offer approximates the fair market value.

35. The Trustee has inspected the real and personal property proposed to be sold. The structure and personal property are in a state of disrepair with the roof leaking in several areas. Also the Trustee has no funds with which to purchase insurance and the structure poses a liability risk to the estate. The Trustee believes that the negotiated amount of $300,000.00 exceeds what he would get at public auction were the property to be auctioned.

36. The proceeds from the sale of the real and personal property and liquor license will be distributed as follows:

    a. any outstanding costs due to the Office of the Clerk of the United States Bankruptcy Court;

    b. 1% transfer tax on the transfer of the real estate (pro rated portion -- real estate);

    c. 6% commission to NAI/CIR per prior order of this Court;

    d. $7,500.00 to the bankruptcy estate for future payment of trustee commission and distribution to creditors;

e. past due real estate taxes and present real estate taxes which are the responsibility of the seller, pro rated to the date of settlement;

f. past due sewer and water charges and present sewer and water charges, pro rated to the date of settlement;

g. any notarization and incidental recording fees associated with the sale of the real estate, personal property and liquor license;

h. balance after payment of the above to Metro Bank on account of its mortgage against the real estate and perfected security interest against the personal property and liquor license.

37. Respondents Dale Thomas, Ronald Chapel, Leonard LeMelle, Jennifer and Julius Wise and Tiffany Diggs have either written or oral leases for occupancy of apartments 202, 203, 301, 302 and 303, respectively.

38. The proposed purchaser has imposed as a condition of sale the rejection of all leases of the foregoing tenants.

39. Pursuant to §365(d) of the Bankruptcy Code, the leases will be deemed rejected if not assumed by the Trustee within one-hundred and twenty (120) days of the date of filing the petition on September 5, 2014.

40. However, this motion specifically requests court approval to reject the above leases as part of this sale motion pursuant to §365(a) of the Bankruptcy Code.

41. The Trustee further requests this Honorable Court to set a date by which responses, if any, objecting to the private sale of the aforementioned real and personal property, as well as Liquor License No. R 17619, may be filed, to grant the requested relief, to wit, to hold the sale of the aforementioned real estate, personal property and Liquor License No. R 17619 at private sale

between the estate and Kunj, Inc., or its assigns pursuant to the terms and conditions set forth in the attached agreement of sale, for the sum of $300,000.00, free and clear of all liens and encumbrances.

**WHEREFORE,** the Trustee prays your Honorable Court to issue a notice to creditors indicating on such the final date for filing answers or objections to the within motion, and following the time set for answers or objections, to enter an order granting leave to sell the aforementioned real and personal property, as well as Liquor License No. R 17619, free and clear of all liens, claims and encumbrances and to allow the Trustee, Lawrence G. Frank, Esquire, to execute any and all documents and papers necessary to transfer said real and personal property and the liquor license as well, as set forth in the attached sales agreement between the parties and to effectuate said sale.

Respectfully submitted,

By:/s/ Lawrence G. Frank, Esquire

Lawrence G. Frank, Esquire
Attorney ID No.: 15619
100 Aspen Drive
Dillsburg, PA 17019
PH: (717) 234-7455
Fax: (717) 432-9065
lawrencegfrank@gmail.com

Trustee in Bankruptcy



Exhibit A



white – OWNER'S COPY
pink – BUYER'S COPY
green – NAI/CIR COPY
yellow – FILE COPY
blue – BUYER'S EXECUTION COPY

Commercial Real Estate Services, Worldwide.
COMMERCIAL-INDUSTRIAL REALTY COMPANY
P.O. Box 8910, Camp Hill, Pennsylvania 17001-8910/Telephone 717-761-5070

## SALES AGREEMENT

1. THIS AGREEMENT, dated December ___, 20 14, is between Lawrence G. Frank, Trustee in Bankruptcy for Grandkott Corporation
2. _____, Seller
3. AND
4. Kunj, Inc. or assigned to a special purpose entity created to purchase the property by member(s) of Kunj, Inc.
5. _____, Buyer.
6.
7. **1. PROPERTY:** Buyer hereby agrees to buy the property situate at 714 N. Third Street, aka 712 N. Third Street
8. _____, in the City _____ of Harrisburg _____, County of Dauphin _____
9. State of Pennsylvania _____, together with the following improvements 9800 SF three story commercial building containing 8 apartments on
10. the second and thirds floors and a bar- restaurant on the first floor. _____
11. Approximate size of land: 0.120 acre
12. Optional identifiers: Tax Parcel # 04-002-019 _____, Deed Book _____ and Page _____

13. **2. PRICE:** Three Hundred Thousand Dollars ............................................................. $ 300,000.00
14. Deposit at signing of this Agreement, receipt of which is hereby acknowledged ................
15. Within 48 hours of Trustee acceptance of this offer, Deposit to be held in NAI CIR escrow account ...... $ 10,000.00
16. Deposit on or before _____, 20 _____ ................................................. $ _____
17. Cash or certified funds at Settlement ...................................................... $ 290,000.00
18. Total Price .............................................................................. $ 300,000.00

19. **3. FINANCING:** Within ten (10) days of Seller's approval of this Sales Agreement, Buyer shall make a completed mortgage application to a responsible
20. mortgage lending institution or institutions and diligently pursue securing the Financing as follows: Amount of mortgage loan $ n/a ____,
21. Minimum Term n/a _____ years, Maximum Interest Rate n/a __% Amortization Term n/a _____. If Financing within these terms or terms acceptable to
22. Buyer is not obtained by n/a _____, 20 ___. Buyer or Seller may terminate this Agreement by providing written notice to the other, in which event the
23. Deposit will be returned, less any expenses incurred by Agent on behalf of the Buyer.

24. **4. Special Clauses:** This sale is conditioned and contingent upon the following:
25. 1. The Buyer shall have 60 days from the date of execution of this agreement to conduct a general due diligence of the property.
26. 2. The liquor license being transfer to the Buyer
27. 3. This contract must be accepted by the US Bankruptcy Court to be enforceable by any party. The Court shall have until March 5, 2015 to accept this offer.
28. If the Court does not accept the offer by March 5, 2015 the Deposit shall be returned to the Buyer and this contract shall be null and void.
29. If the Buyer rejects the findings of the studies conducted during the due diligence period and provides notice to the Seller prior to 5pm on the 60th day of their
30. intent to terminate the contract the deposit shall be promptly returned to the Buyer and this contract shall be null and void. If the Buyer is unable to transfer the
31. liquor license to their ownership prior to the specified date of settlement this contract may be terminated by the Buyer and the Deposit shall be return to the Buyer
32. and this contract shall be null and void.

33. **5. BROKER(S):** NAI/CIR is agent for ☒ Seller ☐ Buyer ☐ Dual Agent for Seller and Buyer. If NAI/CIR is acting as dual agent, _____
34. _____ the designated agent for Seller, and _____ is the designated agent for Buyer.
35. _____ is a licensed broker acting in this transaction as agent for ☐ Seller ☐ Buyer
36. ☐ Transaction Licensee working with Buyer. Licensees who represent Seller may perform services for the Buyer in connection with financing, insurance,
37. document preparation, and other similar services. Buyer and Seller have received and reviewed the Consumer Notice adopted by the State Real Estate
38. Commission at 49 Pa. Code §35.336. The definitions of business relationships and the duties required of licensees as set forth in the Notice are incorporated
39. here as though set forth at length.

40. **6. SETTLEMENT/TIME OF THE ESSENCE:** Settlement to be on March 31, 2015 _____ unless Buyer and Seller agree upon a
41. prior date. If the Buyer fails to make settlement by paying the purchase money in full on or before the settlement date, this Agreement shall be void, and the
42. amount(s) paid by the Buyer shall be retained by Seller as liquidated damages. Permission is granted NAI/CIR to extend, without further notice to the parties
43. hereto, the settlement date and/or other dates provided in this Agreement for a period not to exceed ninety (90) days. Time shall be of the essence to all terms
44. and conditions of this Agreement.
45.
46. **7. NON-REAL ESTATE EXTRAS:** All existing plumbing, heating, air-conditioning and lighting fixtures, and systems appurtenant thereto and forming a
47. part thereof, and other permanent fixtures, are included in the sale and purchase price. None of the above mentioned items shall be removed from the property
48. or substituted by the Seller after the date of this Agreement. Any remaining heating fuel stored on the Property at the time of settlement is also included under
49. this Agreement. Seller hereby warrants that Seller will deliver good title to all of the articles described in this paragraph, and any other fixtures or items of
50. personalty specifically scheduled below and to be included in this Sale. All appliances in the apartments, the washer and dryer in the laundry room, the furniture,
51. fixtures and equipment in the bar restaurant and the liquor license.

52. **8. POSSESSION:** Possession is to be given: at settlement. The bankruptcy court shall void all leases for the property.
53.

54. **9. SEWAGE AVAILABILITY:** The Property ☒ DOES ☐ DOES NOT have a community sewage system available to it. Section 7 of the Pennsylvania
55. Sewage Facilities Act provides that no person shall install, construct, request bid proposals for construction, alter, repair or occupy any building or structure for
56. which an individual sewage system is to be installed, without first obtaining a permit. Buyer is advised that before signing this Agreement Buyer should con-
57. tact the local agency charged with administering the Act to determine the procedure and requirements of obtaining a permit for an individual sewage
58. system. The local agency charged with administering the Act will be the municipality where the Property is located or that municipality working
59. cooperatively with others.

60. **10. ZONING:** The Seller warrants that: the Property has the following Zoning Classification: Commercial Neighborhood _____. Failure of this Agreement to
61. contain the zoning classification (except in cases where the property [and each parcel thereof, if subdividable] is zoned solely or primarily to permit single-
62. family dwellings) will render this Agreement voidable at the option of the Buyer, and, if voided, any deposits tendered by the Buyer will be returned to the
63. Buyer without any requirement for court action. Seller further warrants that the present use ☐ IS ☒ IS NOT in compliance therewith. Seller further warrants
64. that the property ☐ IS ☒ IS NOT within the General Flood Plain District; the Property ☐ IS ☒ IS NOT within a Historic District and that there exists no
65. notice of any uncorrected violation of housing, building, plumbing, electrical safety or fire ordinances and regulations, except as provided hereinafter:
66. _____
67. Seller will obtain for Settlement any and all certifications of such conditions required by the laws of this Commonwealth and of any municipal subdivision.
68. Buyer is advised that access to a public road may require issuance of a highway occupancy permit from the Department of Transportation.

69. **11. TITLE:** Title is to be conveyed by special warranty deed executed by Seller and shall be good and marketable, free of all liens and encumbrances, except-
70. ing zoning regulations, ordinances, reservations, historic preservation restrictions, privileges or rights of public service companies, easements and restrictions
71. of record or visible by inspection. If Seller is unable to convey good and marketable title and such as will be insured by a reputable title company at regular
72. rates, Buyer may take such title as Seller can convey without abatement of Price or terminate this Agreement in which case Seller shall cause the deposit to be
73. returned to Buyer and shall reimburse Buyer's expenses for obtaining title binder coverage, premiums for hazard and flood coverage, mechanics lien insurance,
74. title search fees, appraisal fees and loan charges paid in advance to mortgage lender, if any.

75. **12. ADJUSTMENTS AT SETTLEMENT:** Real estate taxes shall be apportioned on a per diem basis in accordance with the fiscal year of the taxing bodies
76. to the date of settlement. Rent, water and sewer rents, if applicable, shall also be so apportioned to the date of settlement. Existing leases and security
77. deposits, if any, shall be assigned to Buyer at settlement.

78. **13. ASSESSMENTS:** Seller represents and warrants that no assessments or notice of assessments for public improvements have been made against the
       Property which will not be paid in full prior to the time of final settlement. Buyer will be responsible for any payment of assessments or notice of assessments
       made after the date of this Agreement for any public improvements.

79. **14. TRANSFER TAXES:** Real estate transfer taxes will be divided equally between Buyer and Seller.

80. **15. RISK OF LOSS:** Seller assumes the risk of loss or damage to the Property through fire or other casualty prior to the date of settlement.

81. **16. SUBDIVISION AND SURVEY:** The Seller shall be responsible for, diligently pursue, and pay, the expense of satisfying any subdivision ordinance and
82. approval requirements necessary to convey the Property lawfully as well as any boundary surveys necessary to transfer title or remove title objections. If any
83. other surveys are necessary or desired, they shall be secured and paid for by the Buyer.

84. **17. HAZARDOUS WASTE:** Seller represents and warrants that Seller has no actual knowledge nor any reason to believe that hazardous waste or
85. contaminants (including asbestos and radon), that might result in liability to an owner of the Property for costs and expenses incurred to remediate such
86. condition, have ever been or are presently found or being disposed of on the Property. Furthermore, Seller agrees not to dispose of any hazardous waste or
87. contaminants on the Property during the term of this Agreement. Seller agrees to assume any and all liability and costs as a result of a breach of this or any
88. other herein contained representation and warranty and to indemnify Agents against any loss or claims against
89. Agents in connection therewith.

90. **18. UNDERGROUND STORAGE TANKS:** Seller represents and warrants that all storage tanks located on the Property (if any) whether aboveground or
91. underground, have been reported and registered with the appropriate state and/or local agency and/or department as required by law and have been and are
92. being maintained as required by law. In the event that the Seller has not complied with any applicable statute or provision, Seller hereby agrees to assume any
93. and all liability and costs incurred as a result of a breach or noncompliance with the applicable statute, and to indemnify Agents against any loss or claims
94. against Agents in connection therewith.

95. **19. INSPECTION:** It is understood that Buyer has inspected the Property or hereby waives the right to do so; and Buyer agrees to purchase it as a result of
96. such inspection and not because of or in reliance upon any representation made by the Seller or any officer, partner or employee of Seller, or by any Broker
97. (NAI/CIR and any cooperating Broker), or any of the Brokers' salespersons and employees; and Buyer agrees to purchase the Property in its present condition
98. unless otherwise specified herein.

99. **20. BROKERS' LIABILITY:** It is expressly understood and agreed between the parties hereto that the Brokers, their salespersons and employees, or any
100. officer or partner of Brokers, are acting as Brokers only and will in no case whatsoever be held liable, either jointly or severally, to either party for the
101. performance of any term or covenant of this Agreement or for damages for the nonperformance thereof.

102. **21. REAL ESTATE RECOVERY FUND:** A real estate recovery fund exists to reimburse persons who have suffered monetary loss and have obtained an
103. uncollectible judgment due to fraud, misrepresentation or deceit in a real estate transaction by a Pennsylvania licensee. For further information, call the
104. Pennsylvania State Real Estate Commission at (717) 783-3658.

105. **22. ENTIRE AGREEMENT:** This Agreement contains the whole Agreement between the Seller and the Buyer, and there are no other terms, obligations,
106. covenants, representations, statements or conditions, or otherwise of any kind whatsoever, concerning this sale. Furthermore, this Agreement shall not be
107. altered, amended, changed or modified, except in writing executed by the parties hereto.

108. **23. DEPOSITS:** All deposits, whether cash, check, judgment note or other instruments, and regardless of the person designated as payee, shall be retained by
109. the Agent for Seller in an escrow or fiduciary account in accordance with the Real Estate Licensing and Registration Act of the Commonwealth of
110. Pennsylvania and Rules and Regulations of the Real Estate Commission. Buyer agrees that Broker may transfer Buyer's deposit to another real estate licensee
111. with Buyer's prior consent. In the event of a dispute over entitlement to deposit, Broker will maintain the same in an escrow account until a resolution of the
112. dispute by agreement or final order of court. 49 Pa. Code §35.333(a)(8). Buyer and Seller agree that if Broker is joined in a suit over entitlement to deposit,
113. the party joining Broker shall pay Broker's costs and fees, including attorney fees.

114. **24. RELEASE.** Buyer and Seller release, quit claim and forever discharge, Broker and any cooperating real estate licensees, their contractors and employees
115. or any other person, corporation, or entity that may be liable by or through them, from any and all claims, losses or demands, including, but not limited to, per-
116. sonal injury and property damage, and the consequences thereof, known or not, that may arise from the presence of environmental hazards, or any defects or
117. conditions of or on the Property. Buyer and Seller acknowledge that Broker and any cooperating real estate licensees are acting as agents only, and will in no
118. case whatsoever be held liable either jointly or severally to either Buyer or Seller for the performance of any term or covenant of the Agreement of Sale or for
119. damages from failure to perform by any party. This Release shall survive settlement.

120. **25. REPRESENTATIONS.** Buyer and Seller agree that representations, claims, advertising and promotional activities, brochures, or documents of any kind
121. made by Seller, Broker, cooperating real estate licensees, or the employees/contractors of any of them, are not a part of the Agreement unless expressly stated
122. therein; nor have Buyer and Seller relied on such in entering into the Agreement. Buyer has inspected the Property or has waived the right to do so, and agrees
123. to purchase it in its present condition unless otherwise stated in the Agreement. Buyer and Seller acknowledge that Broker and cooperating licensees have not
124. determined whether the present or proposed use of the Property is lawful, nor have they performed an examination or assessment of the general or
125. environmental condition of the Property, or of conditions existing in the locale where the Property is situate.

126. **26. ADDITIONAL DOCUMENTS:** Seller and Buyer agree to execute and deliver any documents reasonably necessary or desirable to carry out the terms
127. and conditions of this Sales Agreement.

128. **27. AUTHORITY:** The person(s) executing this Agreement on behalf of Buyer and Seller warrant and represent that they have all necessary power and
129. authority to execute, enter into, deliver and perform this Agreement.

130. **28. ASSIGNMENT:** This Agreement shall be binding upon the respective heirs, executors, administrators, successors and upon the assigns of the parties
131. hereto; provided, however, that unless otherwise expressly provided herein, the Buyer shall not transfer or assign Buyer's interest without the prior written
132. consent of Seller, which shall not be unreasonably withheld.

133. IN WITNESS WHEREOF, INTENDING TO BE LEGALLY BOUND, the parties have caused this Agreement to be executed and delivered as of the day
134. and year first above written.

135. ATTEST/WITNESS                    BUYER:
136. _____            Kunj, Inc.
137.                                    (Name of Corporation or partnership, if applicable)
138. By:_____            12/2/14
139.   (Title)      (SEAL)             By:_____(SEAL)
140.                                    Print Name: David M. Rudy    Title: Asset Mgr.

141. ATTEST/WITNESS                    SELLER:
142. _____            Lawrence G. Frank, Trustee in Bankruptcy for Grandkott Corporation
143.                                    (Name of Corporation or partnership, if applicable)
144. By:_____
145.   (Title)      (SEAL)             By:_____(SEAL)
146.                                    Print Name: Lawrence G. Frank    Title: Trustee

98-344/10691
NAI/CIR R6/05

Copyright - Commercial Industrial Realty Co. 2002

SELLER'S COPY ☐
CIR COPY ☐
FILE COPY ☐



## STATEMENT OF ESTIMATED SELLER'S COSTS

Date Prepared: **December 2, 2014**　　　　Sale Price: **$300,000.00**

　　　　　　　　　　　　　　　　　　　　Seller: **Lawrence G. Frank, Trustee in Bankruptcy for Grandkot**

Prepared by: **Daniel J. Alderman**　　　　Property: **714 N. Third Street**

　　　　　　　　　　　　　　　　　　　　**Harrisburg, PA**

The following Estimate is given so that the Sellers will understand what costs will be deducted from the gross Sale Price at the time of their settlement, which is estimated to be **March 31** 20 **15**

1. Broker's Commision ............................. **6%**　$ **18,000.00**
2. Pennsylvania 1% Transfer Tax .................　$ **3000.00**
3. Local 1% Transfer Tax .........................　$ ----------
4. Mortgage Placement Fee........................　$ ----------
   (includes Mortgage Discount required by lender)
5. Notary Fees ...................................　$ **100.00**
6. Preparation of Deed ...........................　$ **300.00**
7. ..............................................　$ _____
8. ..............................................　$ _____

　　　　TOTAL ....................................　$ **21,400.00**

Based on the above figures, Sellers hereby fully understand that Seller will *net approximately* $ **278,600.00**　　*plus* or *minus* the tax pro-ration, and less any debts, liens, or encumbrances against the property at the time of settlement.

I / We hereby acknowledge that I / We have read and received a copy of this Statement of Estimated Seller's Costs prior to signing the Agreement of Sale for the above property.

　　　　　　　　　　　　　　　　　　　　SELLER:

WITNESS:　　　　　　　　　　　　　　　　Lawrence G. Frank, Trustee in Bankruptcy for Grandkott Corp　(SEAL)
(OR ATTEST)　　　　　　　　　　　　　　　(Name of corporation or partnership, if applicable)

　　　　　　　　　　　　　　　　　　　　_____ (SEAL)
　　　　　　　　　　　　　　　　　　　　　　　　　　(Title)